# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JUNIE E. HALL,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1383**  (BOR Appeal No. 2045666)
                           (Claim No. 2009094409)

**LOGAN COUNTY EMERGENCY AMBULANCE SERVICE,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Junie E. Hall, by John C. Blair, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Logan County Emergency Ambulance Service, by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 12, 2011, in which the Board affirmed a February 25, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 3, 2010, decision, granting Ms. Hall an 8% permanent partial disability award for the lumbar spine and no permanent partial disability award for the thoracic spine. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 8, 2009, Ms. Hall was in the employment of Logan County Emergency Ambulance Services as a paramedic when she injured her lower back while lifting a patient. She was treated at Logan Regional Medical Center for acute thoracic strain, lumbosacral strain and acute lumbar radiculopathy. Although the initial x-ray and MRI of the lumbar spine evidenced pre-existing degenerative changes, the claims administrator held the claim compensable for sprain of the lumbar spine and sprain of the thoracic spine. Following the determination of

compensability, Ms. Hall underwent an independent medical evaluation by Dr. Mukkamala, who found that Ms. Hall had reached maximum medical improvement. Dr. Mukkamala also found, based on the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) that Ms. Hall had an 8% lumbar impairment and no thoracic impairment relating to her June 8, 2009, injury. Based on Dr. Mukkamala's assessment, the claims administrator granted Ms. Hall an 8% permanent partial disability award on February 3, 2010. Ms. Hall was then evaluated by Dr. Condaras, who also found 8% impairment. The claims administrator's decision was affirmed by the Office of Judges on February 25, 2011, and by the Board of Review on September 12, 2011, leading Ms. Hall to appeal.

The Office of Judges concluded that Ms. Hall suffered an 8% impairment of her lumbar spine and no impairment of her thoracic spine as a result of her compensable June 8, 2009, injury. The Office of Judges considered the report of Dr. Guberman, who found a 13% impairment of Ms. Hall's lumbar spine and a 5% impairment of her thoracic spine. But the Office of Judges determined that Dr. Guberman's report was not persuasive because his classification of Ms. Hall's injury under the American Medical Association's *Guides* was not justified by the medical records in the case. The Office of Judges found that the reports of Dr. Mukkamala and Dr. Condaras provided the only persuasive impairment recommendations in this case. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusion of the Board of Review and the reasoning of the Office of Judges. The Office of Judges determined, based on the preponderance of the evidence, that Ms. Hall suffered an 8% impairment of her lumbar spine and no impairment of her thoracic spine as a result of her compensable June 8, 2009, injury. There is nothing in the record that demonstrates that the Office of Judges improperly weighed the evidence in this case. The Office of Judges found the evaluations of Dr. Mukkamala and Dr. Condaras to be more persuasive than the report of Dr. Guberman and it pointed to specific problems with Dr. Guberman's report to justify that finding.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 24, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2